Benjamin Brenner, J.
Defendant moves to resettle the order of compromise to provide for the filing of a bond by the guardian ad litem, which is dispensed with in said order.
I see nothing in the authority cited of instances of dissipation of funds (at least one of which was partly due to lack of care on the part of the liability insurance company involved) that the bond required by section 980-a of the Civil Practice Act is also intended for the protection of the defendant. Nor is Rhodes v. United States (15 F. R. D. 500 [March 25, 1954]) persuasive as that court relied on the unwillingness of the Legislature to alter the section which is no longer the case in the light of the new Civil Practice Law and Rules (§§ 1206, 1210). Moreover, in the 18th Report (1952) of the Judicial Council, referred to in the latter case, the view was expressed that section 980-a does not expressly divest the court of power to eliminate the bond in view of the broad equitable powers of the Supreme Court (N. Y. Const., art. VI, § 7; Civ. Prac. Act, § 64). The defendant is also in error in arguing that the settlement was conditioned upon the filing of the bond. The contrary is true for I stressed at the time of settlement that if there be any legal basis for saving the infant some $4,000 in bonding costs, I would dispense with the bond.
It has, however, occurred to me that as the new Practice Law and Rules above referred to, effective September 1, 1963, nó longer leave any doubt that the bond may be dispensed with, most of the bonding costs may, in any case, be avoided. The order will accordingly be resettled, requiring the guardian ad litem to post a fidelity bond in the amount of the infant’s share of the settlement, the term of which, however, shall expire *498 September 2, 1963, following which expiration date no further bond shall be required. In all other respects the provisions of the order of compromise shall be adhered to. Interest at 3%% shall be payable by the defendant from date of posting of said bond unless the sums payable by the defendant pursuant to the order of compromise shall have been paid by the defendant within five days from date of such posting.